UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| FRANKLIN WALES, | Case No.: 4:19 CV 2707 |
| Petitioner, | |
| | JUDGE SOLOMON OLIVER, JR. |
| v. | |
| MARK K. WILLIAMS, *et al.*, | MEMORANDUM OF OPINION |
| | AND ORDER |
| Respondent . | |

*Pro se* Petitioner Franklin Wales filed the above-captioned Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner is incarcerated in FCI-Elkton, having been convicted of drug charges in the United States District Court for the Western District of Kentucky in 2001. Petitioner contends his sentencing guideline range was increased based on a drug quantity that was not submitted to the jury. He contends this is contrary to the United States Supreme Court's opinion in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). He asks this Court to vacate his sentence and conduct an evidentiary hearing to allow him to demonstrate actual innocence to the quantity of drugs for which he was sentenced.

**I. Background**

Petitioner was convicted in 2000 in the Western District of Kentucky of conspiracy with intent to distribute cocaine and possession with intent to distribute cocaine. The Court sentenced

him in February 2001 to 360 months imprisonment and 96 months supervised release. His conviction and sentence were affirmed on appeal to the United States Sixth Circuit Court of Appeals in 2003. *See United States v. Wales*, 68 F. App'x 575, 578 (6th Cir. 2003).

Petitioner filed his first Motion to Vacate his Sentence under 28 U.S.C. § 2255 in November 2004. Petitioner raised claims of ineffective assistance of counsel in this Petition. The District Court denied the Motion in April 2005. *See United States v. Wales*, No. 3:00-cr-00048-CRS-1 (W.D. KY Apr. 15, 2005). The Sixth Circuit dismissed his appeal of that decision in September 2005.

Petitioner filed a Motion for Reduction of his Sentence under 18 U.S.C. 3582(c)(2). The Court denied the Motion for reasons that remain sealed. Petitioner did not appeal that decision.

Instead, Petitioner filed a second Motion to Vacate his Sentence under 28 U.S.C. § 2255. He asserted his claim that the drug quantity used to determine his sentencing guideline range was not tried to a jury. The District Court transferred the Motion to the Sixth Circuit Court of Appeals for approval to proceed with a successive Petition. The Circuit denied that request and dismissed the action.

Petitioner has now filed this Petition under 28 U.S.C. § 2241 seeking to proceed under the Savings Clause of § 2255. He contends he is actually innocent of the drug quantity. He asks this Court to grant his request to proceed with a successive Petition, vacate his sentence and conduct an evidentiary hearing on the quantity of drugs involved in his conviction.

## II. Standard of Review

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to

prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

Moreover, Petitions under 28 U.S.C. § 2241 may only be used by a federal prisoner seeking to challenge the execution or manner in which his sentence is served. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). Federal prisoners seeking to challenge their convictions or imposition of their sentences must pursue relief under 28 U.S.C. § 2255. *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979). The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

Section 2255 does contain a "safety valve" provision which permits a federal prisoner challenge his conviction or the imposition of his sentence under 28 U.S.C. § 2241, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997). It is beyond question that § 2255 is not inadequate or ineffective merely because an

3

individual is unable to obtain relief under that provision. *See e.g., Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999)(per curiam). The § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, *see e.g., In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997), *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988), or because the Petitioner is procedurally barred from pursuing relief under § 2255. *See In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997); *Garris v. Lindsay*, 794 F.2d 722, 726-27 (D.C. Cir. 1986), or because the Petitioner has been denied permission to file a second or successive motion to vacate, *see In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998).

To fall within any arguable construction of the savings clause, a Petitioner must show that an intervening change in the law establishes his actual innocence. *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001). A valid assertion of actual innocence is more than a belated declaration that the prisoner does not believe his sentence is valid. Actual innocence suggests an intervening change in the law establishes a prisoner's actual innocence of a crime. *See Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003); *Peterman*, 249 F.3d at 462. Secondly, "actual innocence means factual innocence, rather than mere legal insufficiency." *Martin*, 319 F.3d at 804 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). In other words, Petitioner must point to a decision holding a substantive criminal statute no longer reaches certain conduct, i.e, that he stands convicted of "an act that the law does not make criminal." *Bousely*, 523 U.S. at 620 (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). *See, e.g., Bailey v. United States*, 516 U.S. 137 (prisoners convicted of "using" a firearm during a drug crime or violent crime found themselves innocent when Supreme Court redefined "use" in a restrictive manner).

4

### III. Analysis

Petitioner is clearly challenging the imposition of his sentence. Thus, he cannot assert a claim under § 2241 only under the limited circumstances discussed above. He claims the Supreme Court's decision in *Alleyne* renders his sentence invalid because a jury did not determine the quantity of drugs used to determine his sentencing guideline level. He claims § 2255 is ineffective to raise this claim because he already attempted to raise it in a successive Motion to Vacate Conviction under 28 U.S.C. § 2255 and the Sixth Circuit Court of Appeals denied his request to proceed with a successive Petition asserting this claim. A § 2255 remedy is not ineffective simply because Petitioner was denied the ability to file a successive Petition.

Furthermore, *Alleyne* neither supports a claim of "actual innocence," nor does that decision aid Petitioner in demonstrating that his remedy under § 2255 was inadequate or ineffective. In *Alleyne*, the Supreme Court held that defendants have a Sixth Amendment right to a jury finding of all facts that increase the statutory minimum sentence. *Alleyne*, 570 U.S. at 102. The facts alleged in his Petition do not suggest he was sentenced under a statutory mandatory minimum, but rather the amount of drugs affected the guideline determination. Guidelines are not mandatory. Moreover, *Alleyne* was decided after Petitioner's conviction became final after direct appeal, but "has not been made retroactive to cases on collateral review by the Supreme Court." *In re Mazzio*, 756 F.3d 487, 489-90 (6th Cir. 2014); *Davis v. United States*, No. 113CV01225JDBEGB, 2018 WL 6037539, at *1 (W.D. Tenn. Nov. 16, 2018). Petitioner's reliance on *Alleyne* is therefore misplaced. The savings clause does not apply here, and Petitioner cannot assert these claims in a §2241 petition.

### V. Conclusion

Accordingly, The Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is

hereby denied and this action is dismissed pursuant to 28 U.S.C. § 2243.  Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

March 25, 2020